J-A23012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                     :                PENNSYLVANIA
                     :
           v.             :
                     :
                     :
ANTON PATTERSON            :
                     :
         Appellant     :   No. 115 WDA 2025

Appeal from the PCRA Order Entered July 23, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0012665-2008

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:        **FILED: NOVEMBER 13, 2025**

Anton Patterson appeals from the order entered on July 23, 2024, denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Patterson argues the PCRA court erred in denying his petition and in not addressing a new claim filed with the court after the notice of appeal was filed. After careful review, we affirm.

A previous panel of this Court set forth the factual history.

> On August 4, 2008, at 11:30 P.M., Anthony Rivers (victim) telephoned Keisha Davis [(]"Davis"[)] and asked if he could visit her at her home. The victim and Davis had met several months earlier and had become friends. Davis resided in a townhouse on Columbo Street in the Garfield section of the City of Pittsburgh, Allegheny County. The victim did not live in Garfield, and traveled by car to Davis'[] residence, arriving at 11:53 P.M. When the victim arrived, Davis came out of her residence and the two stood and talked on the sidewalk next to the victim's vehicle. As they talked, Patterson and another person approached and Patterson demanded a gold chain and cross that the victim was wearing.

The chain and cross hung loosely around the victim's neck, and the cross was somewhat distinctive because of its large size and features. Without giving the victim the opportunity to comply, the second actor removed the chain and cross from around the victim's neck. Immediately after the second actor had removed the chain and cross, Patterson shot the victim in the head with a .40 caliber Glock semi-automatic pistol. Patterson and the second actor immediately fled the scene in the direction from where they had approached. The projectile traveled through the victim's head, entering behind the left ear, fragmenting during its travel, and exiting behind the victim's right ear. The victim collapsed to the ground and despite prompt response from medics, he was pronounced dead at the scene at 12:45 A.M. The subsequent autopsy confirmed that the victim died from the gunshot wound to the head and associated internal trauma.

Although Davis testified that Patterson was wearing a surgical mask that covered part of his face during the robbery, Davis had an opportunity to view Patterson's face, his stature, and to listen to his voice during the episode. Davis did not know Patterson's name, but she recognized Patterson as a person who lived in the neighborhood and with whom she had had contact over the years that she had lived there. She also knew Patterson from the fact that they had attended the same high school, and Patterson had approached her on multiple occasions in an attempt to date her. Davis provided the aforementioned information to the police and she subsequently identified Patterson from a high school yearbook.

On August 5, 2008, an arrest warrant was issued for Patterson, as well as a search warrant for his residence, which was located very close to the scene of the shooting. The gold chain and cross worn by the victim was recovered from a shoebox in Patterson's bedroom, and Patterson was arrested and charged [with first-degree murder, robbery, firearms not to be carried without a license, possession of a firearm by a minor, and criminal conspiracy.[1]] The second actor was never apprehended or identified.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 3701(a)(1)(i), 6106(a), 6110.1(a), and 903, respectively.

*Commonwealth v. Patterson*, 63 A.3d 830, 317 WDA 2010, at *1-2 (Pa. Super. filed Nov. 15, 2012) (quoting Trial Court Opinion, 9/27/11, at 5-8) (brackets omitted).

Patterson was convicted on July 17, 2009 after a jury trial. The trial court sentenced him to life imprisonment on November 10, 2009 for the first-degree murder conviction. However, as Patterson was only 17 at the time of the crime, this Court vacated his sentence pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012). On July 16, 2018, the court sentenced Patterson to 25 to 50 years' incarceration on the first-degree murder charge with a consecutive 3 to 6 years' incarceration for the robbery charge. Patterson did not appeal.

Patterson filed a timely, counseled, PCRA petition on July 15, 2019, raising numerous claims of ineffective assistance of counsel. The PCRA court held a hearing on February 7, 2022. After the hearing, the parties submitted briefs in support of their positions. The PCRA court issued a notice of intent to dismiss on May 28, 2024. Patterson replied on June 4, 2024. Counsel filed a motion to withdraw as counsel on June 19, 2024. On June 20, 2024, the PCRA court granted counsel's request to withdraw and appointed current counsel to represent Patterson. On July 23, 2024, the PCRA court denied Patterson's PCRA petition.

Patterson filed a notice of appeal on August 2, 2024. The next day, Patterson, through current counsel, filed a new PCRA petition alleging "the

- 3 -

discovery of new facts." PCRA Petition, 8/3/24 (unpaginated). On August 23, 2024, the PCRA court issued a notice of intent to dismiss noting that it did not have jurisdiction to hear the claim as Patterson had already filed a notice of appeal from the order dismissing his first PCRA petition. *See* Notice of Intent to Dismiss, 8/23/24, at 1. No response was submitted, and the PCRA court denied the second PCRA petition on September 23, 2024. Patterson did not file a notice of appeal from that order. The PCRA court did not order Patterson to file a Rule 1925(b) statement and the PCRA court's Rule 1925(a) opinion refers this Court to its notice of intent to dismiss dated May 28, 2024. *See* Pa.R.A.P. 1925.

Patterson raises four questions for our review:

1. Whether trial counsel provided ineffective assistance for failing to request a *Kloiber*[2] instruction?

2. Whether trial counsel provided ineffective assistance for failing to call character witnesses in a first-degree murder trial?

3. Whether trial counsel provided ineffective assistance for failing to seek suppression of [Patterson's] statement as it was in violation of his Fourth Amendment and Article 1, Section 9 rights pursuant to the United States and Pennsylvania Constitution?

4. Whether [Patterson] should get a new trial based upon newly discovered evidence in the form of an affidavit from Earl Winbush which exonerates [Patterson]?

---

2 *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954).

Appellant's Brief, at 4 (PCRA court answers omitted).[3]

We begin with our scope and standard of review regarding the denial of a PCRA petition.

> We consider the record in the light most favorable to the prevailing party at the PCRA level. This review is limited to the evidence of record and the factual findings of the PCRA court. We afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Accordingly, as long as the PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling. Nonetheless, where the issue pertains to a question of law, our standard of review is de novo and our scope of review is plenary.

*Commonwealth v. Pander*, 100 A.3d 626, 630 (Pa. Super. 2014) (en banc) (quotation marks, italics, and citations omitted). Furthermore, "[w]e are bound by a PCRA court's credibility decisions." *Commonwealth v. Stewart*, 84 A.3d 701, 708 (Pa. Super. 2013) (en banc) (citation omitted).

Patterson's first three issues contained in the argument section of his brief[4] assert trial counsel was ineffective. The required elements of such a claim are as follows:

---

[3] Patterson has not presented any argument regarding his claim of trial counsel ineffectiveness for not seeking suppression of his statement to police. We therefore find it abandoned and do not address it further. *See Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016) (finding claim not developed in argument section waived even though included in questions presented).

[4] Although only the first two ineffectiveness claims contained in the statement of questions is preserved for our review, as discussed *infra.*, Patterson raises a third ineffectiveness claim in the argument section of his brief that he fails to include in his statement of questions involved.

To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Where the petitioner failed to plead or meet any elements of the above-cited test, his claim must fail.

A claim has arguable merit where the factual averments, if accurate, could establish a cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel has a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 630-31 (quotation marks and citations omitted).

Furthermore, our Supreme Court has explained:

If a claim fails under any necessary element of the [above] test, the court may proceed to that element first. When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development.

*Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (brackets, quotation marks, and citations omitted).

In his first claim, Patterson argues trial counsel was ineffective for failing to request a *Kloiber* instruction regarding eyewitness Davis. *See* Appellant's Brief, at 12. Without discussion, Patterson claims "[t]rial counsel had no

- 6 -

reasonable basis for failing to ask for a **Kloiber** instruction[ and Patterson] received actual prejudice from the failure to ask for a **Kloiber** instruction."[5]

**Id.** at 22.

Because Patterson failed to meaningfully discuss the reasonable basis and prejudice prongs of the ineffective assistance of counsel test, we find this claim waived. **See Fears**, 86 A.3d at 804.

Even if we did not find waiver, this claim would not merit relief.

A **Kloiber** charge is appropriate where there are special identification concerns: a witness did not have the opportunity to clearly view the defendant, equivocated in [her] identification of a defendant, or had difficulty making an identification in the past. However, when the witness already knows the defendant, this prior familiarity creates an independent basis for the witness's in-court identification of the defendant and weakens ineffectiveness claims based on counsel['s] failure to seek a **Kloiber** instruction.

**Commonwealth v. Reid**, 99 A.3d 427, 448 (Pa. 2014) (quotation marks, brackets, and citations omitted).

Notably, our Supreme Court has also held that

[o]ur case law makes clear that the need for a **Kloiber** charge focuses on the *ability* of a witness to identify defendant. Our Commonwealth's decisional law has long held that prior inconsistent statements based upon fear of endangerment do not equate to a prior failure of ability to identify a defendant.

_____

[5] We recognize trial counsel passed away prior to the PCRA hearing in this matter, but that does not relieve Patterson of his burden to prove counsel was ineffective. **See Commonwealth v. Simpson**, 112 A.3d 1194, 1197 (Pa. 2015) (noting that when trial counsel is deceased, "the petitioner's burden of establishing a claim of ineffective assistance of counsel is not lessened or reduced.") (citation omitted).

*Id.* at 449 (emphasis in original, citations omitted).

The PCRA court found:

Based upon a review of the record, the [PCRA court] does not find that a *Kloiber* instruction was necessary. Here, [Patterson] was wearing only a surgical mask and not a full-face mask at the time of the murder. Additionally, the witness was familiar with [Patterson] from prior occasions and was clearly able to recognize his voice, which is how she initially identified the perpetrator as [Patterson]. As such, trial counsel was not ineffective in failing to request said instruction. This claim is without merit.

PCRA Court Notice of Intent to Dismiss, 5/28/24, at 3.

We agree with the PCRA court. Davis testified she knew Patterson, as they attended the same high school. *See* N.T. Trial, 7/15/09, at 87. Further, she knew him from around the neighborhood where they both lived, as he had asked her for her number multiple times before the shooting. *See id.* at 83, 90-91. She recognized Patterson's voice from the times they talked. *See id.* at 76, 102. She explained her testimony at the preliminary hearing differed because she was afraid of retribution for testifying against Patterson. *See id.* at 96-97, 98-99. Because Davis knew Patterson and her testimony only differed at the preliminary hearing due to fear of endangerment, Patterson was not entitled to a *Kloiber* instruction. *See Reid*, 99 A.3d at 448, 449. Therefore, counsel could not have been ineffective as this issue is meritless. *See Commonwealth v. Brown*, 196 A.3d 130, 151 (Pa. 2018) ("Counsel will not be found ineffective for failing to raise a meritless claim.") (citation omitted).

Next, Patterson asserts trial counsel was ineffective for failing to call character witnesses to testify to his non-violent character at trial. ***See*** Appellant's Brief, at 23. Patterson only notes one character witness in his brief to this Court, Sean Williams. However, Williams did not testify at the PCRA hearing to Patterson's character. ***See id.*** at 24; N.T. PCRA Hearing, 2/7/22, at 37-45. Williams testified at the PCRA hearing that Patterson was with him at the time of the shooting or soon thereafter. ***See*** N.T. PCRA Hearing, 2/7/22, at 38-39. Again, Patterson's brief fails to articulate how he was prejudiced by counsel not presenting character witnesses at trial. ***See*** Appellant's Brief, at 25 (Claiming "[t]he prejudice from not presenting charactering witnesses … is clear.").

Because Patterson has failed to meaningfully discuss the prejudice prong, we find his claim waived. ***See Fears***, 86 A.3d at 804. Alternatively, we find the PCRA court appropriately addressed this issue:

> In his pleadings, [Patterson] offered several potential character witnesses he alleges trial counsel was ineffective for failing to call. At the PCRA hearing, only two potential character witnesses[, Taylor Bailey and Jennifer Jones,] were called. A petitioner bears the burden of proving counsel was ineffective for failing to call character witnesses. As such, he must establish that: 1) the witness existed; 2) the witness was available; 3) counsel knew of, or should have known of, the existence of the witness; 4) the witness was willing to testify; and 5) the absence of the testimony was so prejudicial to petitioner that it denied him a fair trial. ***See Commonwealth v. Medina***, 209 A.3d 992, 998 (Pa. Super. 2019).
>
> While the witnesses testified to [Patterson's] alleged non-violent reputation, the [PCRA court] does not have the benefit of now deceased trial counsel's testimony regarding this matter, nor was

there credible evidence presented counsel knew, or should have known, of their existence at the PCRA hearing. Further the [trial court[6]] conducted a colloquy with [Patterson] at trial about his decision not to call character witnesses. [**See** N.T. Trial, 7/17/09, at 333-34]. The [PCRA court] finds that [Patterson] has failed to satisfy the necessary prongs for failure to call these witnesses; most importantly, that trial counsel knew or should have known of them, and that the absence of their testimony was so prejudicial that it denied [Patterson] a fair trial. As such, this claim fails.

PCRA Court Notice of Intent to Dismiss, 5/28/24, at 2.

We find no error in the PCRA court's analysis. Although we cannot hear from counsel now, during trial he informed the court he discussed character witnesses with Patterson and "[w]e have decided and Mr. Patterson agrees that strategically we should not call character witnesses to testify in this case." N.T. Trial, 7/17/09, at 333. Patterson informed the court that he did, in fact, discuss character witnesses with counsel and was informed by the court of his right to call character witnesses. **See id.** at 333-34. Therefore, this claim does not merit relief.

In his third argument claim, which was not included in his statement of questions involved, Patterson argues trial counsel was ineffective for failing to call Sean Williams as a witness. **See** Appellant's Brief, at 26. Williams testified at the PCRA hearing that he was with Patterson the night of the shooting, thereby providing an alibi for Patterson. **See id.**

---

[6] We note the PCRA court also presided over trial.

We could arguably find this claim waived for Patterson's failure to present it in the statement of questions involved. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). However, Patterson thoroughly addresses his claim regarding the failure to call Sean Williams at trial in his brief and in his filings presented to the PCRA court. As his failure to include the claim in the statement of questions does not impede our ability to review his issue, we will not find it waived on this basis.

Patterson submits that trial counsel knew of Williams' existence as the Commonwealth had subpoenaed Williams for trial. *See* Appellant's Brief, at 26-27. Patterson argues trial counsel did not have a reasonable basis for failing to call Williams to testify at trial, as Williams would have provided an alibi for Patterson. *See id.* at 27. Patterson admits the "failure to bring [] Williams [to trial] is interesting." *Id.* Again, Patterson makes no argument regarding the prejudice prong and simply asserts "Appellant was actually prejudiced." *Id.* at 28.

Because Patterson has failed to argue every required element, we find his claim waived. *See Fears*, 86 A.3d at 804. Alternatively, this claim is meritless as counsel attempted to have Williams testify at trial, but Williams failed to show. *See* N.T. Trial, 7/17/09, at 330, 334-35.

Patterson is correct that the failure to call Williams as a witness at trial is "interesting." Appellant's Brief, at 28. After the Commonwealth rested its

case, trial counsel informed the court he intended to call "Shawn Williams" to testify in Patterson's defense. N.T. Trial, 7/16/09, at 292. Trial counsel identified Williams as "[t]he neighbor that he met afterwards." *Id.* The Commonwealth indicated that they subpoenaed Williams, he showed up for trial, was still under subpoena, and was "on-call." *Id.* at 293. The court required the Commonwealth to provide trial counsel with Williams' phone number and told counsel to have him present at 8:45 A.M. the next day or it will "send the sheriff" to pick him up. *Id.* at 293-94.

Prior to the court recessing for the day, it confirmed trial counsel had the necessary contact information for Williams. *See id.* at 328-29. The court also confirmed that Patterson only had two potential witnesses left, Williams and another. *See id.* at 329. The court noted it did not believe the other witness was going to show, as even the Commonwealth was unable to locate that witness. *See id.*, N.T. Trial, 7/15/09, at 12, N.T. Trial, 7/16/09, at 285-288. The next morning, the court asked counsel if his witness was present. *See* N.T. Trial, 7/17/09, at 330. Counsel indicated that he talked to the witness "last night and he said that he was going to be here" but counsel had not located him and would rest if he did not appear. *Id.* The court gave counsel "another 10 minutes to see about the witness" before calling the jury back to the courtroom. *Id.* at 334-35. When the jury returned to the courtroom, the defense rested. *See id.* at 337.

At the PCRA hearing, Williams testified. He claimed he never received any subpoena for trial, was willing to testify on Patterson's behalf, and was aware when Patterson's case went to trial. *See* PCRA Hearing, 2/7/22, at 42, 43, 45. However, when asked why he did not come to trial, he explained: "Honestly, I don't know. It's hard to say." *Id.* **a**t 45.

The PCRA court found this claim devoid of merit:

> The record is clear that this witness was subpoenaed by the Commonwealth and that trial counsel credibly put forth on the record at the time of trial that he had contacted this witness, but he failed to appear at trial to testify on [Patterson's] behalf. Additionally, the [PCRA court] does not find this witness's testimony at the PCRA hearing credible. Finally, Mr. Williams'[] "alibi" narrative was presented through Commonwealth witness, Detective James McGee, at trial. As such, [Patterson] has failed to satisfy his burden in establishing this ineffectiveness claim. As such, this claim is meritless.

PCRA Court Notice of Intent to Dismiss, 5/28/24, at 4-5 (record citations omitted).

We find our Supreme Court's analysis in **Commonwealth v. Dennis**, 17 A.3d 297 (Pa. 2011) instructive. There, Dennis alleged his trial counsel was ineffective for failing to call alibi witness Anissa Bane. **See Dennis**, 17 A.3d at 302. Bane testified at the PCRA hearing and the PCRA court found her testimony incredible. **See id.** at 305. The Pennsylvania Supreme Court noted that "where the record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court." **Id.** (citation omitted). Based upon several discrepancies in Bane's testimony, our Supreme Court found the record supported the PCRA court's findings. **See id.** at 305-06.

Further, the Court found Bane was not willing to testify in Dennis' defense because, even if they believed that Bane was at the courthouse during trial as she testified to, she did not contact counsel in an attempt to testify on Dennis' behalf. *See id.* at 306.

The same analysis applies here. The PCRA court found Williams' testimony was not credible. We are bound by that decision. *See id.* at 305; *Stewart*, 84 A.3d at 708. Williams testified he is Patterson's cousin and knew the day after the murder that Patterson was arrested. *See* PCRA Hearing, 2/7/22, at 37-38. Williams claimed Patterson was with him during the time of the murder, as he picked him up across from the Peabody High School around "11:30, 11:45." *Id.* at 39. He told detectives and Patterson's prior attorney that he picked up Patterson that night. *See id.* at 39-40. Williams asserted Patterson's attorney never asked him to testify at trial, he never went to the courthouse, and he was not subpoenaed by either Patterson's attorney or the Commonwealth. *See id.* at 41, 43. Williams contradicted himself when he claimed Patterson's PCRA attorney was the first person he told that Patterson was with him at the time of the homicide. *See id.* at 41-42. Williams could not remember the date, or even the season, that the homicide occurred. *See id.* at 43 (Williams testified he thinks it was spring or summer).

As noted above, contrary to Williams' testimony, trial counsel sought to have Williams testify at trial. The Commonwealth subpoenaed Williams, Williams appeared for the first day of trial, and the Commonwealth told him

to remain available. *See* N.T. Trial, 7/16/09, at 292-293. Trial counsel called Williams the night before he was to testify. *See* N.T. Trial, 7/17/09, at 330. However, Williams failed to appear and could not explain at the PCRA hearing why he failed to show. The PCRA court's credibility determinations are supported by the record and we are bound by them. *See Dennis*, 17 A.3d at 305.

Furthermore, Williams testified he knew when Patterson went to trial but did not attend nor contact counsel to attempt to be called as a witness in Patterson's defense. Just as the Court found in *Dennis*, we believe this shows Williams was not willing to testify on Patterson's behalf.

Notably, Patterson's alibi was presented to the jury and they were provided an alibi instruction. *See* N.T Trial, 7/16/09, at 253-55, 304-05, N.T. Trial 7/17/09, at 416-17. Therefore, Patterson has failed to meet his burden of establishing Williams was willing to testify and prejudice ensued.

Finally, Patterson argues newly discovered evidence that was not found or raised until after he filed his notice of appeal. *See* Appellant's Brief, at 29. Patterson asserts this Court can decide this matter pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). *See id.* Patterson claims there "are new facts that are, or can be, alleged in this case." *Id.* at 31. This new evidence is an affidavit by Earl Wimbush "that establishes his innocence." *Id.*

Just as the PCRA court found it did not have jurisdiction to hear this claim, neither do we have jurisdiction to decide it. *See* Notice of Intent to Dismiss, 8/23/24, at 1. "When a PCRA court lacks jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition." *Commonwealth v. Harris*, 114 A.3d 1, 6 (Pa. Super. 2015) (citation omitted).

> Pennsylvania law makes clear: When an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.

*Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa. Super. 2016) (citation, quotation marks, and brackets omitted).

Patterson has made no argument as to why he asserts this claim can be addressed pursuant to *Bradley*, which allows limited consideration of ineffective assistance of PCRA counsel raised for the first time on appeal. *See Bradley,* 261 A.3d at 405. Patterson has not alleged his prior PCRA counsel was ineffective, and we cannot find any basis to establish jurisdiction over this claim.

As we find no error in the PCRA court's order denying Patterson's PCRA petition, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/13/2025